## Sabel v. Sabel.

Dec. 16, 1938.

•As Modified on Denial of Rehearing Feb. 14, 1939.

LEO J. SANDMANN for appellant.

MERIT O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Appellant, Lela Sabel, filed suit on May 1, 1936, for a divorce from her husband, Dan Sabel, appellee, on the ground of cruel and inhuman treatment. She asked for an absolute divorce, a lump sum of $25,000 alimony, $300 per month as permanent periodic alimony in addition to the lump sum, one of the automobiles allegedly owned by her husband, a declaration of her interest in the home in which they had lived together, the furniture and equipment contained in the home, and her costs, including a reasonable attorney's fee. Following the completion of the taking of depositions for appellant, the deposition of the one witness for appellee was taken before the commissioner on December 10, 1936. At the commencement of the taking of this deposition counsel for appellant made the following objection:

"If your Honor please, I would like it noted of record I object to the taking of the testimony of this witness or any other witness on any other ground other than the rebuttal of the grounds for divorce, the reason for the objection being no answer has been filed and no issue upon which to base this proof."

Following this objection the record contains this statement: "Upon the agreement of counsel for defendant to file an answer in the case the commissioner permitted counsel for defendant to proceed with the taking of the deposition."

The record shows further that before counsel for appellant began the cross examination of appellee's witness, it was agreed that the cross examination of the witness would not prejudice the rights of appellant to object to the taking of the deposition. Six days later, December 16, 1936, appellee filed his answer. Appellant's objections to the filing of the deposition of appellee's witness and his answer were overruled, to which she objected and excepted.

The commissioner recommended that Mrs. Sabel be granted an absolute divorce, and that in addition to a lump sum of $2,500, she be allowed $25 per week as permanent periodic alimony, the household furnishings, and her costs, including $250 for attorney's fee. The commissioner recommended further that appellant convey whatever interest she had in the home to appellee, and that she be given a lien on the property to secure payment of the $2,500 lump sum alimony. Both parties filed exceptions to the commissioner's report. The judgment of the lower court followed the commissioner's recommendations, except that the periodic alimony of $25 per week was limited to 250 weeks from the date of the judgment. Appellant objected and excepted to the judgment as entered, and prayed an appeal to this court which was granted. Appellee objected to so much of the judgment as adjudged that appellant recover as alimony $25 per week for 250 weeks, or any sum in addition to the lump sum alimony allowance of $2,500, and as adjudged appellant to be the owner of the household furnishings. His prayer for an appeal to this court was granted also. Appellant appealed, and appellee filed a motion in this court for a cross appeal, which motion was sustained.

Among other grounds, appellant urges reversal because the lower court erred in permitting appellee's answer to be filed at the time it was filed, and because the court erred in permitting the deposition, taken prior to the time the answer was filed, to be filed. Since we have reached the conclusion that reversible error was com-

mitted by the lower court in permitting the deposition of the witness for appellee to be filed, it having been taken before his answer was filed, we are expressly withholding our opinion on other objections to the judgment raised by appellant, and also those raised by appellee.

Section 557 of the Civil Code of Practice provides: "The plaintiff may commence taking depositions immediately after the service of the summons; and the defendant immediately after filing his answer."

Appellee urges that the provisions of this section are not mandatory, and that under Section 134 of the Civil Code of Practice, and other provisions therein, the trial court has broad discretion in the making up of pleadings. This section of the Civil Code of Practice reads in part as follows:

"The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Numerous citations are found under this section of the Code, but it is to be noted that the great majority of them deal with amendments to and minor irregularities in pleadings. Our decisions dealing with the broad powers of the trial court in such matters are too numerous to review herein. To accept appellee's argument, however, would have the effect of construing the quoted part of Section 134 of the Civil Code of Practice in such a manner as to nullify the requirements of Section 557 thereof. This we cannot do.

Until an answer is filed no issues are joined between the parties to an action. We can not approve or ignore a procedure by which all of the proof in an action was taken prior to the time of the filing of an answer. In the case of Cincinnati, N. O. & T. P. R. Co. v. Crabtree, 100 S. W. 318, 30 Ky. Law Rep. 1000, we upheld the action of the trial court in refusing to permit an amended answer averring contributory negligence to be filed the day after the testimony for both parties had been concluded. No request was made during the trial for leave to file the amended answer. The following quotation from the Crabtree Case discusses briefly the

joining of issues between parties to an action [page 319]:

"If the defendant desires only to join issue with the plaintiff upon the facts stated in the petition, he may do so by traversing or denying the material facts alleged in it, and, when an issue is thus made, each party is accurately advised of the cause of action, and the defense to it, and can prepare his case accordingly. If the defendant desires to do more than traverse the petition, and wishes to state facts which constitute an estoppel against or avoidance of it, he must in appropriate language state the new matter relied on to constitute the plea of estoppel or avoidance, so that his adversary may be prepared to meet the issue tendered. Thus in Newman on Pleading & Practice (page 1) it is said: 'The rights and convenience of parties in an action require that the plaintiff should set forth the facts upon which he bases his claim and right to relief, and that the defendant, in like manner, should show the facts upon which he relies to defeat the action. This is necessary in order, not only that each party may be apprised of what is admitted by his adversary, and what he is required to establish by testimony, but, also, that the court may distinctly understand what are the facts to which the law is to be applied.' And on page 522: 'The evidence under an issue formed by a mere denial of one or more allegations of the petition must be confined exclusively to the question whether the facts alleged in the petition and specifically denied in the answer did or did not exist before the bringing of the suit. * * * The traverse or denial of each of the allegations of the petition authorizes the introduction of no evidence on the part of the defendant except such as tends directly to disprove some fact alleged in the petition and denied by the answer. And every matter of fact which goes to defeat the cause of action and which the plaintiff is not under the necessity of alleging and proving in order to make out his cause must be alleged as new matter by the defendant in his answer.' The fundamental principle underlying our system of practice is that the pleadings shall be, in the language of Section 87 of the Civil Code of Practice, 'statements by the parties to an action of

their causes of controversy' forming in ordinary and concise language, a material issue or issues. So that, when the pleadings are made up and the issues are formed, each party will know what he is called upon to establish or deny. Thus, if the defendant desires to set up new matter as a defense to the action, as that the debt sued on was paid, or that he was an infant at the time the contract was entered into, or that it was obtained by fraud, or, in case of tort, that the injury sustained was the result of contributory neglect on the part of the plaintiff, it must be pleaded.''

The record standing without the deposition of appellee's witness, we are left in grave doubt as to an equitable allowance of alimony for appellant and the settlement of property rights between the parties. It is our conclusion, therefore, that the judgment, except as to the granting of the absolute divorce to appellant, should be reversed. Each party should be given reasonable time to take proof on the questions of alimony and the settlement of property rights.